## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**CHARLOTTE GOMILLION**                                              **PLAINTIFF**

**v.**                          **CASE NO. 4:15-CV-00050 BSM**

**UNIVERSITY OF ARKANSAS**
**FOR MEDICAL SCIENCES, et al.**                                     **DEFENDANTS**

<u>ORDER</u>

Defendants' motion to dismiss [Doc. No. 38] is denied on plaintiff's Title VII retaliation claim and is granted on all other claims.

I.  BACKGROUND

Accepting Gomillion's allegations as true, Plaintiff Charlotte Gomillion, pro se, was terminated from employment with the University of Arkansas for Medical Sciences ("UAMS") on January 23, 2012, for a "no call no show."  She argues this was pretext, however, for discrimination and in retaliation for filing a wrongful death lawsuit against UAMS.  *See* Compl. at 3, Doc. No. 2.  Gomillion had also filed two internal complaints for discrimination with the human relations department in December 2010 and June 2011, and later filed a charge with the Equal Employment Opportunity Commission ("EEOC") in August 2011.  *Id.*  As a result of her termination, she suffered pain and suffering, extreme and severe mental anguish and emotional distress, a loss of earnings and benefits, a loss of job opportunities, and has incurred medical bills.

Gomillion brought suit against fifteen defendants for discrimination and retaliation: UAMS, through the University of Arkansas Board of Trustees ("BOT"); Jane Rogers, Jim

Von Gremp, Stephen Broughton, Ben Hyneman, David Pryor, Mark Waldrip, Reynie Rutledge, C.C. Gibson III, Morrill Harriman, and John Goodson, all BOT members, in their individual and official capacities; Donald Bobbit, President of the University of Arkansas system, in his individual and official capacities; Daniel Rahn, Chancellor of UAMS, in his individual and official capacities; and Audrey Bradley and Hosea Long, UAMS staff members, in their individual capacities.

Defendants moved to dismiss [Doc. No. 24], and Gomillion was granted multiple extensions of time to amend her complaint [Doc. Nos. 29, 31]. When Gomillion failed to amend the complaint, defendants refiled their motion [Doc. No. 38], which argues that Gomillion has not stated a cause of action and that various defendants are immune from suit. Although Gomillion has not responded to the motion, she filed a change of address more than two months after defendants refiled their motion. *See* Doc. No. 40.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. To meet this standard, a complaint must sufficiently allege facts that will entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009). Although detailed factual allegations are not required, threadbread recitals of the elements of a case of action, supported by mere conclusory statements, are insufficient. *Id.*

## III.  DISCUSSION

Although Gomillion's complaint [Doc. No 2] lists Title VII, 42 U.S.C. § 1983, and

2

42 U.S.C. § 1981 as causes of action, her complaint must be liberally construed in a way that permits her claims to be considered within an applicable legal framework. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotations omitted). Thus, her complaint has been liberally construed to not only bring these causes of action, but to also allege a violation of the Equal Protection Clause.

The motion to dismiss is denied with respect to Gomillion's Title VII retaliation claim against UAMS. The motion is granted as to all remaining claims and defendants.

A. Title VII Discrimination and Retaliation

Title VII of the Civil Rights Act of 1964 prohibits employers from unlawful discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). An "employer" for Title VII purposes is an entity "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Id.* § 2000(e)(b). Supervisors and individual employees are not personally liable for Title VII violations. *See Spencer v. Ripley County State Bank*, 123 F.3d 690, 692 (8th Cir. 1997); *Smith v. St. Bernards Regional Medical Ctr.*, 19 F.3d 1254 (8th Cir. 1994). Therefore, Gomillion's Title VII claims against the BOT members, Bradley, Long, Bobbit, and Rahn are dismissed. Her claim for Title VII discrimination and retaliation against UAMS remains.

*1. Discrimination*

The discrimination claim is dismissed because Gomillion failed to allege that her protected class was a basis for termination. To establish a prima facie case of discrimination,

3

Gomillion must allege that she (1) is a member of a protected class, (2) met UAMS's legitimate employment expectations, (3) suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Pye v. Nu Aire Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011). Construed liberally, the first and third elements are met because an inference exists that she is a female because her name is Charlotte – and the defendants repeatedly refer to her with feminine pronouns in their brief [*See* Doc. No. 39] – and because she alleged she was terminated. The claim is dismissed, however, because she has not alleged that she was terminated because of this protected status.

Gomillion uses the word "discrimination" in her complaint, but she provides no factual allegation to suggest that UAMS terminated her because of her sex (or any other protected class). *See, e.g., Nelson v. Wittern Group Inc.*, 140 F.Supp 2d 1001, 1006-07 (S.D. Iowa 2001) (interview questions focusing on her status as a female); *Quick v. Donaldson Co.*, 90 F.3d 1372, 1378 (8th Cir. 1996) (a showing of sexual harassment can sustain a Title VII claim). While a protected class and adverse action has been alleged, there has been no connection between the two to support an inference of wrongful behavior. Mere conclusory statements of discrimination unsupported by factual allegation are not sufficient. *Iqbal*, 556 U.S. at 662. Therefore, she has not alleged a valid sex discrimination claim under Title VII.

### 2. Retaliation

Title VII also prohibits employers from retaliating against employees who oppose discriminatory practices. A prima facie retaliation case requires Gomillion to allege that she (1) engaged in protected activity, (2) suffered an adverse employment action, and there was

a (3) causal connection between the protected activity and the adverse employment action. *Bogren v. Minnesota*, 236 F.3d 399, 407 (8th Cir. 2000).  The first and second elements have been satisfied because she alleged that she opposed discrimination by filing internal complaints and filing a charge with the EEOC, and that she was terminated several months later.   Compl. at 2; *Bogren*, 236 F.3d at 407-08 (protected activity involves opposing unlawful discrimination or making a charge of discrimination).   Although she does not explicitly allege a connection, her complaint can be construed to do so.

Gomillion complained of discrimination on several dates, which is construed as arguing for an inference of causation based on temporal proximity.  *See Wilson v. Ark. State Highway*, 2015 U.S. Dist. LEXIS 15167, at *56 (E.D. Ark. Feb. 9, 2015) (construing dates of events as temporal proximity).   Although some cases attempt to define a bright line rule for when temporal proximity is insufficient, the issue here is not whether Gomillion can prove causation, but whether she pleaded it.   *See, e.g., Smith v. Fairview Ridges Hosp.*, 625 F.3d 1076, 1087-88 (8th Cir. 2010), *abrogated on other grounds by*, *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (finding a matter of weeks might be close enough and two months would be insufficient).   Analyzing the complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.   Gomillion pleaded several events predating her termination, which at least "nudged [her] claims across the line from conceivable to plausible[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).   Therefore, the motion to dismiss is denied as to her

Title VII retaliation claim.

B.    Section 1983

Section 1983 provides a cause of action to any person deprived of a federal right by someone acting under color of state law.  42 U.S.C. § 1983.  To establish a violation of section 1983, the plaintiff must show (1) a deprivation of a right secured by the Constitution and laws of the United States, which was (2) caused by a person or persons acting under color of law.  *Tipler v. Douglas Cty.*, 482 F.3d 1023, 1027 (8th Cir. 2007).  For the first element, Gomillion identifies section 1981 as one such right.  *See Ellis v. Houston*, 742 F.3d 307, 318 (8th Cir. 2014).  Construed liberally, her complaint sounding in discrimination can also be analyzed under the Equal Protection Clause of the Fourteenth Amendment. Regardless of the basis, however, her section 1983 claim must be dismissed.

As an initial matter, most of the defendants are entitled to immunity.  The BOT members and other defendants sued in their official capacities are immune from suit because an award of damages against them is essentially a recovery of money from the state.  *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996).  Further, actions against a state agency and officials acting in their official capacities are not "persons" for section 1983 purposes when sued for damages.  *Id.*  Thus, Gomillion's claims for money damages against UAMS and the defendants sued in their official capacities must be dismissed.  *See Assaad-Faltas v. University of Arkansas for Medical Sciences*, 708 F. Supp. 1026 (E.D. Ark. 1989) (dismissing UAMS and official capacity defendants in section 1983 suit).

6

The remaining defendants are those sued in their individual capacities.  For the following reasons, the section 1983 action against them must be dismissed.

### 1. Section 1981

Section 1981 prohibits racial discrimination in the making of public and private contracts.  *Martinez v. W.W. Grainger, Inc.*, 664 F.3d 225, 232 (8th Cir. 2011).  The protection is to be free from racial harassment and retaliation.  *Ellis v. Houston*, 742 F.3d 307, 318-19 (8th Cir. 2014).  Section 1981 claims are, at a minimum, based on racial discrimination.  *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 607 (1987).  Here, Gomillion does not allege racial discrimination or her own racial status.  Therefore, even construing her complaint liberally, she has not alleged a section 1981 claim.

### 2. Equal Protection

Gomillion's discrimination complaint can also be analyzed under the Equal Protection Clause of the Fourteenth Amendment.  *Tipper v. Douglas Cnty.*, 482 F.3d 1023, 1027 (8th Cir. 2007).  She must show that (1) she was a member of a protected class, (2) she was meeting her employer's legitimate job expectations, (3) she suffered an adverse employment action, and (4) similarly situated employees outside of the protected class were treated differently or that there are facts permitting an inference of discrimination.  *See Hervey v. Little Rock*, 787 F.2d 1223, 1231 (8th Cir. 1986).  Gomillion's status as a woman is the only class that can be inferred from her complaint.  Membership in this class alone, however, does not form the basis for relief.  Gomillion failed to allege how similarly situated individuals

outside of this class were treated differently.  Thus, her complaint fails to plead an Equal Protection claim.

## IV.  CONCLUSION

For the aforementioned reasons, the motion to dismiss [Doc. No. 38] is granted in part and denied in part.  The motion is denied with respect to the Title VII retaliation claim against UAMS.  The motion is granted as to all remaining claims and defendants.

IT IS SO ORDERED this 14th day of January 2016.

_____
UNITED STATES DISTRICT JUDGE